**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| VERNON GRIES, individually and as representative of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>STANDARD READY MIX CONCRETE, L.L.C.; STANDARD READY MIX CONCRETE CO.; and, STANDARD READY MIX CONCRETE, L.L.C. DEFINED PENSION PLAN AND TRUST f/k/a STANDARD READY MIX CONCRETE CO. DEFINED BENEFIT PENSION PLAN AND TRUST,<br><br>        Defendants. | No. C07-4013-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR CHANGE OF VENUE** |

_____

## *I. INTRODUCTION AND BACKGROUND*

Standard Ready Mix Concrete, L.L.C, ("Standard Ready Mix") is a Limited Liability Company organized under the laws of the State of Iowa and is a manufacturer and distributor of ready mixed concrete. Vernon Gries is an employee of Standard Ready Mix. Gries is also a member of the General Drivers & Helpers Union, Local #544 ("Local #554"). Local #554 is a local labor union of the International Brotherhood of Teamsters ("the Teamsters"). Local #554 and the Teamsters (collectively "the Union") represent the ready-mix truck drivers, semi-truck drivers, truck helpers, maintenance employee mechanics, mechanic helpers, yard helpers, pump operators, mixer operators and

warehousemen of Standard Ready Mix's Sioux City, Iowa, operation.  On October 15, 2005, the Union entered into a collective bargaining agreement on behalf of employees of Standard Ready Mix.  On October 5, 2006, Standard Ready Mix and the Union began negotiations on a new collective bargaining agreement.  On October 16, 2006, members of the Union began a strike of Standard Ready Mix which is ongoing.

On February 13, 2007, plaintiff Vernon Gries, individually and as representative of all persons similarly situated, filed a complaint in this court against defendants Standard Ready Mix Concrete, L.L.C., Standard Ready Mix Concrete Co., and Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined
Benefit Pension Plan and Trust ("the Iowa Case").  In the Iowa Case, Gries brought his action pursuant to 29 U.S.C. § 1132(a), individually, and for all persons similarly situated, as participants and beneficiaries of Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust ("the Plan"), a defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  In Count I, Gries seeks a declaratory judgment that an amendment to the Plan in 2002 is void ab initio because it purportedly violates various provisions of ERISA.  In Count II, Gries seeks a declaratory judgment concerning accrued benefits owed to each member of the class under the Plan.  In Count III, Gries seeks a declaratory judgment as to the amount of benefits currently due members of the class as a result of a modification made to the Plan on October 2, 2005 and a judgment for the amount of funds currently due class members.

On month before the Iowa Case was filed in this court, Standard Ready Mix filed a complaint in the United States District Court for the District of Nebraska against the Union ("the Nebraska Case").  The Nebraska Case was brought under 29 U.S.C. § 185.

2

In the Nebraska Case, Standard Ready Mix alleges that employees, who are members of the Union, went on strike in violation of a collective bargaining agreement it has with those employees. In Count I, Standard Ready Mix asserts a breach of contract against Local #544. In Count II, Standard Ready Mix asserts an interference/inducement of breach of contract against the Teamsters. Standard Ready Mix asserts that impasse had not been reached and therefore, the Union is liable for breach of contract and interference/inducement of breach of contract. The Union alleges that there was no breach of the contract because impasse had been reached. Thus, one of the central issues in the Nebraska Case is whether impasse occurred. Standard Ready Mix asserts that an Unfair Labor Practice Charge filed against it by Danny Avelyn, Vice-President of Local #544, alleging that Standard Ready Mix failed to provide certain information regarding the termination of certain benefits under the Plan, constitutes evidence that impasse had not been reached.

The plaintiff in the Iowa Case, Vernon Gries, is not a party in the Nebraska Case. The Plan is also not a party in the Nebraska Case. Virtually all of the Plan's participants and beneficiaries are located in the Sioux City, Iowa, area. The Plan's records are located in Sioux City, Iowa.

Defendants have now filed a Motion To Transfer Venue of the Iowa Case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Nebraska. Defendants contend that the Iowa Case should be transferred under the First Filed Rule. Plaintiff Gries has filed a timely resistance to Defendants' Motion To Transfer Venue. Gries contends that the first-filed rule is inapplicable here because the Nebraska Case does not involve the same parties as the Iowa Case nor does it involve the same legal issues.

3

## II. LEGAL ANALYSIS

### A. Overview of the "first-filed rule"

In *Central States Industrial Supply, Inc. v. McCullough*, 218 F. Supp. 2d 1073 (N.D. Iowa 2002), this court provided the following concise statement of the "first-filed rule":

> The Eighth Circuit Court of Appeals has recognized the first- filed rule as follows:
>> The well-established rule is that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). This first-filed rule "is not intended to be rigid, mechanical, or inflexible," *Orthmann*, 765 F.2d at 121, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that "in the absence of compelling circumstances," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982), the first-filed rule should apply.
>
> *Northwest Airlines v. American Airlines*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990)); *see Keymer v. Management Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n. 2 (8th Cir. 1999) (stating this rule and citing *Northwest Airlines*); *Midwest Motor Express, Inc. [v. Central States Southeast and Southwest Areas Pension Fund]*, 70 F.3d [1014,] 1014 [(8th Cir. 1995)]; *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, 57 F.3d 638, 641 (8th Cir. 1995) (same). Thus, the first-filed rule requires that the concurrent cases be brought by the same parties and embrace the same issues. *See Midwest Motor Express*, 70 F.3d at 1017; *accord Keymer*, 169 F.3d at 503 n.2 ("The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first

> establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings."); *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) ("The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'") (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)) (internal quotations omitted).

*Central States Indus. Supply, Inc.*, 218 F. Supp. 2d at 1091-92.

### B. Application of the "first-filed rule"

The court finds that the key issue here, as in *Central States*, is whether or not the two lawsuits are "parallel." The court finds no discussion by the Eighth Circuit Court of Appeals of the "parallelism" requirement since this court considered it in *Central States*. Therefore, this court again looks to its own prior decision for a summary of applicable standards. The "parallelism" analysis "looks at the two proceedings as they currently exist, not as they could be modified to mirror each other." *Id.* at 1091-92 (citing *Baskin v. Bath Township Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994). Thus, "even where the claims arose out of 'the same basic facts,' . . . 'parallelism' [is considered] in terms of whether one of the actions, as it then existed, could afford 'complete relief.'" *Id.* at 1087 (citing *Baskin*, 15 F.3d at 572). While some courts require "identity" of issues, others find the "parallelism" requirement is satisfied by "*substantially* the same parties" litigating "*substantially* the same issues." *Id.* Even so, "all courts appear to agree that mere 'commonality of subject matter does not amount to the "contemporary exercise of concurrent jurisdictions."'" *Id.* (quoting *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998), in turn quoting *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991)). Thus, courts consider, for example, whether the two actions involve

5

"'different issues with different requisites of proof,'" in which case, they are not "parallel." *Id.* (quoting *Gannett Co., Inc. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 742 (4th Cir. 2002)). Courts have also held that actions in which "'each party's claims in one case were defenses in the other'" were not "parallel," where the "central issues" in the two cases differed. *Id.* at 1088 (quoting *Al-Abood v. El-Shamari*, 217 F.3d 225, 232-34 (4th Cir. 2000)). On the other hand, two cases *are* "parallel," for example, where the primary claim for relief in one action will be raised and decided in the other, and the parties are the same in both suits. *Id.* (citing *National Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997)).

In light of these standards, the court is persuaded by Gries's argument that the actions at issue here are not "parallel" because they involve different parties and different legal issues. First, as noted above, in order for the first-filed rule to apply, the two actions must involve the same or nearly the same issues. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985); *see also Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001); *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 77, 79 (2d Cir. 1989); *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971-72 (3d Cir. 1988). Here, the Nebraska Case and the Iowa Case are not identical. The Nebraska Case focuses on an issue not presented in the Iowa Case, to wit, whether the Union breached or induced a breach of a collective bargaining agreement between Standard Ready Mix and Local #554. Conversely, the Nebraska Case does not involve the ultimate issue in the Iowa Case, whether defendants' amendment to the Plan in 2002 is void ab initio because it purportedly violates various provisions of ERISA. From the court's review of the pleadings and moving papers in the Nebraska Case, the only role the Plan plays in the Nebraska Case lies in that it's

6

modification or amendment was the subject of an Unfair Labor Practice Charge ("ULP") against Standard Ready Mix, and that Standard Ready Mix argues that this ULP demonstrates that an impasse had not yet occurred. Thus, it is clear that the legality of the amendments to the Plan in 2002 are not at issue in the Nebraska Case.

The court further notes that the Nebraska Case and the Iowa Case do not involve the same parties. The plaintiff in the Iowa Case, Vernon Gries, is not a party in the Nebraska Case. In addition, the Plan, which is a defendant in the Iowa Case, is not a party in the Nebraska case. Moreover, while both Local #554 and the Teamsters are defendants in the Nebraska Case, neither is a party in the Iowa Case. In addition, Ludey's Ready Mix, which is a plaintiff in the Nebraska Case, is not a party in the Iowa Case. Thus, for the reasons discussed above, the court concludes that the Iowa Case and the Nebraska Case are not parallel, a prerequisite for applying the first-filed rule. Therefore, defendants' Motion To Transfer Venue is denied.

### III. CONCLUSION

The court concludes that the Iowa Case and the Nebraska Case are not parallel, a prerequisite for applying the first-filed rule, because they involve different parties and different legal issues. Therefore, defendants' Motion To Transfer Venue is denied.

**IT IS SO ORDERED.**

**DATED** this 3rd day of July, 2007.

*Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA