# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VERNON GRIES, individually and as representative of all persons similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>STANDARD READY MIX CONCRETE, L.L.C.; STANDARD READY MIX CONCRETE CO.; STANDARD READY MIX CONCRETE, L.L.C. DEFINED PENSION PLAN AND TRUST f/k/a STANDARD READY MIX CONCRETE CO. DEFINED BENEFIT PENSION PLAN AND TRUST; and, SIOUX CITY READY MIX CONCRETE COMPANY, L.L.C.<br><br>       Defendants. | No. C07-4013-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO CERTIFY CLASS** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Class Action Requirements Of Rule 23(a)* . . . . . . . . . . . . . . . . . . . . 4
    *B. Numerosity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        *1.    The general requirement* . . . . . . . . . . . . . . . . . . . . . . . . 10
        *2.    Factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
            *a.    Size of class* . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
            *b.    Geographical dispersion* . . . . . . . . . . . . . . . . . . . . 14

   *c.* *Identification of class members* . . . . . . . . . . . . . . . . 15
   *d.* *Financial resources of class members* . . . . . . . . . . 16
   *e.* *Judicial efficiency* . . . . . . . . . . . . . . . . . . . . . . . . . 17

*III.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## *I. INTRODUCTION AND BACKGROUND*

On February 13, 2007, plaintiff Vernon Gries, individually and as representative of all persons similarly situated, filed a complaint in this court against defendants Standard Ready Mix Concrete, L.L.C., Standard Ready Mix Concrete Co., and Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust. Plaintiff Gries brought his action pursuant to 29 U.S.C. § 1132(a), individually, and for all persons similarly situated, as participants and beneficiaries of Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust ("the Plan"), a defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

On December 20, 2007, plaintiff Gries filed an amended complaint in this case to join Sioux City Ready Mix Concrete Company, L.L.C. as a party defendant. In Count I of the amended complaint, Gries seeks a declaratory judgment that an amendment to

Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust ("the Plan"), a defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") made in 2002 is *void ab initio* because it purportedly violates various provisions of ERISA. In Count II, Gries seeks a declaratory judgment concerning accrued benefits owed to each member of the purported class under the Plan. In Count III, Gries seeks a declaratory judgment as to the amount of benefits currently due members of the purported class as a result of a modification made to the Plan on October 2, 2005 and a judgment for the amount of funds currently due class members.

Plaintiff Gries subsequently filed his Motion To Certify Class (Dkt. #32) in which he seeks to have the court certify a class under Federal Rule of Civil Procedure 23(b)(3), described as follows:

> [T]hose active members, inactive members and beneficiaries of the Plan as of June 1, 2002, the date the Plan amendment at issue in this case, and will include all other persons who became plan members or beneficiaries from June 1, 2002, to the present time.

Plaintiff's Mot. to Certify Class at ¶ 6. Defendants have filed a resistance to plaintiff Gries's motion in which they assert that the motion should be denied on the following grounds: that the motion is untimely under Local Rule 23.1; that the motion fails to comply with Local Rule 23.1 because it does not include a proposal for the appointment of class counsel; that the relief requested by plaintiff will be identical whether or not a class is certified in this matter and, therefore, no useful purpose would be served by permitting this matter to proceed as a class action; that the motion does not include a proposed class definition, a purported prerequisite to maintaining a class action; that plaintiff has failed to set forth facts and provide the court with the evidentiary support

3

sufficient to satisfy the prerequisites for class certification pursuant to Local Rule 23.1(a)(1) and Federal Rule of Civil Procedure 23(a); and, that the plaintiff has failed to provide the court with the facts and evidence to satisfy the prerequisites for class certification pursuant to Federal Rule of Civil Procedure 23(b).

## II. LEGAL ANALYSIS

### A. Class Action Requirements Of Rule 23(a)

Rule 23(a) of the Federal Rules of Civil Procedure identifies the prerequisites for a class action as follows:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a)[1]; *see generally Owner-Operator Independent Drivers Ass'n, Inc. v. New Prime, Inc.*, 339 F.3d 1001, 1011 (8th Cir. 2003); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *see also Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 37 (1st Cir. 2003); *O'Sullivan v. Countrywide Home Loans, Inc.*, 319

---

[1] Rule 23 was amended last year, but only to reflect a general restyling of the rules.

F.3d 732, 737 (5th Cir. 2003); *In re Veneman*, 309 F.3d 789, 792 (D.C. Cir. 2002); *Uhl v. Thoroughbred Tech. & Telcomm., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002); *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002); *Franze v. Equitable Assurance*, 296 F.3d 1250, 1252 (11th Cir. 2002); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001), *cert. denied*, 536 U.S. 917 (2002); *Johnston v. HBO Film Mgt., Inc.*, 265 F.3d 178, 183 (3rd Cir. 2001); *In re Prudential Ins. Co. of America Sales Litig.*, 148 F.3d 283, 308-09 (3rd Cir. 1998). These four prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *General Telephone Co. v. E.E.O.C.*, 446 U.S. 318, 330 (1980); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *see also Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1345 (11th Cir. 2001) (quoting *General Telephone Co.*, 446 U.S. at 330). A plaintiff moving for class certification has the burden of showing that the class should be certified and that the requirements of Rule 23 are met. *See Windsor*, 521 U.S. at 614; *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (citing *Smith v. Merchants & Farmers Bank of West Helena*, 574 F.2d 982, 983 (8th Cir. 1978)); *Howe v. Varity Corp.*, 896 F.2d 1107, 1111 (8th Cir. 1990); *Smith v. Merchants & Farmers Bank of West Helena, Ark.*, 574 F.2d 982, 983 (8th Cir. 1978); *Parkhill v. Minnesota Mut. Life Ins. Co.,* 188 F.R.D. 332, 336 (D. Minn. 1999), *aff'd*, 286 F.3d 1051 (8th Cir. 2001); *Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 659 (D. Minn. 1991); *accord General Motors Acceptance Corp.*, 296 F.3d at 446; *Bishop v. New York City Dep't of Hous. Preservation and Dev.*, 141 F.R.D. 229, 234 (S.D.N.Y. 1992). In addition to satisfying the threshold requirements of Rule 23(a), a class action may be maintained only if it qualifies under at least one of the categories provided in Federal Rule of Civil Procedure 23(b). *See Windsor*, 521 U.S. at 613-16; *Smilow*, 323 F.3d at 37; *General Motors Acceptance Corp.*,

5

296 F.3d at 446; *Franze*, 296 F.3d at 1252; *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d at 133; see also *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228 (11th Cir. 2000), *cert. denied sub nom. Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car Sys., Inc.*, 532 U.S. 919 (2001). The district court's determination of whether or not to certify a class will be set aside only if there was an abuse of discretion. *Coleman*, 40 F.3d at 259; *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323 (8th Cir. 1991) ("'A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion,'" quoting *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983), *cert. denied*, 466 U.S. 972 (1984)), *rev'd on other grounds*, 507 U.S. 170 (1993); *accord O'Sullivan*, 319 F.3d at 737 (noting that review of the certification of a class is for abuse of discretion); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 165 (3rd Cir. 2001) (noting that court reviews a decision granting or denying class certification for abuse of discretion).

The court must engage in a "rigorous analysis" to determine whether all the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Newton*, 259 F.3d at 165.[2] To determine whether the requirements of Rule 23(a) have been satisfied, the court must examine the factual basis for the plaintiff's claims and may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery. *See Newton*, 259 F.3d at 165 (noting that when conducting an examination of the factual and legal allegations for the purposes of class certification, "'it may be necessary for the court to probe behind the pleadings before

---

[2] A class may be decertified if later events disclose that the reasons for granting class certification no longer exist or never existed. *See* FED. R. CIV. P. 23(c)(1).

coming to rest on the certification question.'") (quoting *Falcon*, 457 U.S. at 160); *Szabo v. Bridgeport Machs. Inc.*, 249 F.3d 672, 676 (7th Cir.) (holding that a court was not required to accept allegations in complaint as true when determining whether to grant class certification, but instead must make whatever factual and legal inquiries that are necessary to ensure that prerequisites and requirements for class certification are satisfied), *cert. denied*, 534 U.S. 951 (2001); *see also In re Initial Public Offering Securities Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (noting that "(1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met. . ."); *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 5-6 (1st Cir. 2005) (indicating its preference for the view that permits inquiry into the merits if necessary to make an informed class-certification decision); *Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (observing that "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues"); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 56-57 (S.D. N.Y. 2002) (noting that while a court should "refrain from deciding any material factual disputes between the parties concerning the merits of the claims," the court must conduct a "rigorous analysis" to determine whether the relevant requirements of Rule 23 have been met and that in conducting this analysis "the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery."); *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D. Ohio 2001) (noting that "[r]esolution of the class certification issue may, however, require the court

'to probe behind the pleadings before coming to rest on the certification question.'") (quoting *Falcon*, 457 U.S. at 160); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 570-72 (2d Cir. 1982) (holding that "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976) (noting that "a preliminary hearing, addressed not to the merits of plaintiff's individual claim, but to whether he is asserting a claim, which, assuming its merit, will satisfy the requirements of Rule 23, has never been regarded as violative of the rule stated in *Eisen [ v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)]") (footnote omitted); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide."); *Daniels v. City of New York*, 198 F.R.D. 409, 413 n.5 (S.D.N.Y. 2001) (noting that the court need not rely on the bare allegations contained in the complaint but "may consider the range of proof necessary to support class certification"); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 595 n.11 (E.D. Mich. 1996) ( noting that the court "will focus primarily on the allegations set forth in [the plaintiff's] pleadings, but will also, when necessary, consult the present evidentiary record to better ascertain the precise nature of [the plaintiff's] allegations and claims.").

In *Szabo*, the Seventh Circuit Court of Appeals castigated the district court for accepting the allegations of the complaint as true when deciding whether to certify a class.[3] *Szabo*, 249 F.3d at 675. As the court of appeals explained:

> The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it. The reason why judges accept a complaint's factual allegations when ruling on motions to dismiss under Rule 12(b)(6) is that a motion to dismiss tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later--by a motion for summary judgment under Rule 56, and if necessary by trial. By contrast, an order certifying a class

---

[3] The court notes that in contrast to the *Newton-Szabo* line of authorities, some courts have held that when deciding a motion for class certification, a court is required to accept the allegations in the complaint as true. *See Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000) (noting that in considering a motion for class certification, "the court must accept the allegations in the complaint as true and should not conduct a preliminary inquiry into the merits of the action."); *In re Cincinnati Radiation Litig.*, 187 F.R.D. 549, 551-52 (S.D. Ohio 1999) ("For purposes of a class certification motion, the Court must accept as true the allegations of the complaint."); *Belcher v. Long Island Light Co.*, 164 F.R.D. 144, 149 (E.D.N.Y. 1996) (holding that "on a motion for class certification, in which it is the plaintiffs' burden to demonstrate compliance with Rule 23's requirements, the Court should accept as true the plaintiffs' allegations concerning the merits of the case."), *amended by,* 172 F.R.D. 28 (E.D.N.Y. 1997); *Westman v. Textron, Inc.*, 151 F.R.D. 229, 230 (D. Conn. 1993) ("A preliminary investigation into the merits of the suit is not necessary when determining whether it may be conducted as a class action. Therefore, when deciding a motion for class certification, a court may accept the allegations in the complaint as true.")(citation omitted); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F. Supp. 985, 989 (N.D. Ill. 1991) ("In evaluating the motion for class certification, the allegations made in support of certification are taken as true, and we do not examine the merits of the case."); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87 n.1 (E.D.N.Y. 1989) ("If the Court is only considering a motion to certify a class, the Court should accept plaintiff's allegations concerning the merits of their claim and determine whether the Rule 23 requirements are met.").

> usually is the district judge's last word on the subject; there is no later test of the decision's factual premises (and, if the case is settled, there could not be such an examination even if the district judge viewed the certification as provisional). Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23. This would be plain enough if, for example, the plaintiff alleged that the class had 10,000 members, making it too numerous to allow joinder, see Rule 23(a)(1), while the defendant insisted that the class contained only 10 members. A judge would not and could not accept the plaintiff's assertion as conclusive; instead the judge would receive evidence (if only by affidavit) and resolve the disputes before deciding whether to certify the class.

*Id.* at 675-76. The court finds this logic to be compelling and concludes that, since the Eighth Circuit Court of Appeals has not weighed in on this issue, the approach taken in the *Newton-Szabo* line of authorities will be followed in this case.

Thus, the issue before the court on plaintiff Gries's motion is whether plaintiff Gries has met his burden of establishing, on the basis of the pleadings, affidavits, and the results of discovery, that the four prerequisites of Rule 23(a) have been met. Because satisfaction of each of the Rule 23 criteria is a necessary prerequisite to class certification, the court will address each criterion in turn.

### B. *Numerosity*

#### 1. *The general requirement*

The first requirement of Rule 23(a) is that a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). To meet this requirement, the court must conclude that a class is sufficiently large so as to render joinder of all its members impracticable in light of the particular circumstances of

the case. *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.*, 446 F.2d 763, 765 (8th Cir. 1971); *accord Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *Arkansas Educ. Ass'n*, 446 F.2d at 765; *accord Familienstiftung v. Askin*, 178 F.R.D. 405, 409 (S.D.N.Y. 1998) (noting that "[i]mpracticability does not mean impossibility, but rather difficulty or inconvenience."); *In re NASDAQ Market-Markers Anti-trust Litig.*, 169 F.R.D 493, 508 (S.D.N.Y. 1996) (observing that "[i]mpracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder.").

The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 330 (1980); *accord Askin*, 178 F.R.D. at 410 ("'In dealing with the issue of numerosity, we deal with it not in absolute numbers, but in the relationship of the numbers of the putative class members involved to their economic interests and all of the other circumstances peculiar to [each] case.'")(quoting *Elliott Assoc. v. J. Henry Schroder Bank & Trust*, 655 F. Supp. 1281, 1285 (S.D.N.Y. 1987)). No rigid rule of thumb has been developed in the Eighth Circuit Court of Appeals as to how many potential class members is sufficient to satisfy the numerosity requirement. *Emanuel v. Marsh*, 828 F.2d 438, 444 (8th Cir. 1987) ("This court has not established any rigid rules regarding the necessary size of classes."), *vacated on other grounds*, 487 U.S. 1229 (1988); *Belles v. Schweiker*, 720 F.2d 506, 515 (8th Cir. 1983) ("[N]o arbitrary rules regarding the necessary size of classes have been established."); *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 54 (8th Cir. 1977) ("No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of

each case."); *Glenn v. Daddy Rocks, Inc.*, 203 F.R.D. 425, 428-29 (D. Minn. 2001) ("No arbitrary or rigid rules regarding the required size of a class have been established by the courts, and what constitutes impracticability depends upon the facts of each case."); *In re Select Comfort Corp. Secs. Litig.*, 202 F.R.D. 598, 603 (D. Minn. 2001) ("Courts have typically established no arbitrary or rigid rules regarding the required size of a class, and what constitutes impracticality depends upon the facts of each case."); *Hancock v. Thalacker*, 933 F. Supp. 1449, 1466 (N.D. Iowa 1996) ("The 'numerosity' requirement has produced no rule of thumb in this circuit as to how many potential class members is enough."); *Caroline C. v. Johnson*, 174 F.R.D. 452, 462-63 (D. Neb. 1996) (noting that "[n]o absolute or arbitrary number satisfies the numerosity requirement"). *But see Richter v. Bowen*, 669 F. Supp. 275, 281 n.4 (N.D. Iowa 1987) (recognizing that some courts apply a rule of thumb that a class of over 40 persons is sufficiently numerous, citing 3B J. MOORE, MOORE'S FED. PROCEDURE 23.05[1]).[4]

The Eighth Circuit Court of Appeals has further instructed that:

---

[4] Other courts have held that the numerosity requirement has been presumptively satisfied when the class comprises 40 or more members. *Consolidated Rail. Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that 40 or more prospective class members raises a presumption of numerosity); *Gulino v. Board of Educ. of the City Sch. Dist. of New York*, 201 F.R.D. 326, 331(S.D.N.Y. 2001) (noting that "a class of only 40 members is presumptively sufficient to meet this prong of Rule 23(a)."); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."); *Davis v. Northside Realty Associates, Inc.*, 95 F.R.D. 39, 43 (N.D. Ga. 1982) (noting that if class has more than 40 people in it then numerosity is satisfied; less than 25 people in it, numerosity is lacking); *Fifth Moorings Condominium, Inc. v. Shere*, 81 F.R.D. 712, 715 (S.D. Fla. 1979) (observing that if class exceeds 40 people there is sufficient numerosity).

> In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.

*Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559-60 (8th Cir. 1982), *cert. denied*, 460 U.S. 1083 (1983); *Emanuel*, 828 F.2d at 444 (citing *Paxton*, 688 F.2d at 559-60); *Glenn*, 203 F.R.D. at 429 (same); *In re Select Comfort Corp. Secs. Litig.*, 202 F.R.D. at 603 (same).

### 2. *Factors*

### a. *Size of class*

Plaintiff Gries has not submitted any supporting affidavit or other supporting documents which would permit the court to identify or calculate the size of the class. Instead, plaintiff Gries offers only his conclusory estimate that the proposed class will consist of "approximately 90 members." Plaintiff's Mot. at ¶ 3. In order to satisfy this prerequisite, a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members. *See James v. City of Dallas,* 254 F.3d 551, 570 (5th Cir. 2001) ("To satisfy the numerosity prong, 'a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.'") (internal quotation marks omitted) (quoting *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (quoting in turn *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)); *Kuehn v. Cadle Co. Inc.*, 245 F.R.D. 545, 548 (M.D. Fla. 2007) ("In order to establish numerosity, the plaintiff must ordinarily demonstrate 'some evidence or reasonable estimate of the number of purported class members .'") (quoting *Silva-Arriaga v. Texas Exp., Inc.*, 222 F.R.D. 684, 688 (M.D. Fla. 2004)). Because plaintiff Gries has not offered any basis for how he arrived at his estimate of the size of

the class, the court cannot conclude that plaintiff Gries's estimate is both reasonable and sufficiently large to satisfy Rule 23(a)'s numerosity requirement.

### b. *Geographical dispersion*

Courts have held that the geographical dispersion of class members is among the factors which may be considered in determining numerosity. *See Celani*, 987 F.2d at 936; *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981); *Cervantes v. Sugar Creek Packing Co.*, 210 F.R.D. 611, 620 (S.D. Ohio 2002); *Johnson v. United States*, 208 F.R.D. 148, 166 (W.D. Tex. 2001); *In re Select Comfort Corp. Secs. Litig.*, 202 F.R.D. at 598; *Begley v. Academy Life Ins Co.*, 200 F.R.D. 489, 494 (N.D. Ga. 2001); *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 582 (W.D. Mich. 2001); *Bywaters v. United States*, 196 F.R.D. 458, 465 (E.D. Tex. 2000); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 441 (W.D. Tex. 1999); *Jackson v. Foley*, 156 F.R.D. 538, 542 (E.D.N.Y. 1994); *Pigford v. Glickman*, 182 F.R.D. 341, 347 (D.D.C. 1998); *Vargas v. Meese*, 119 F.R.D. 291, 293 (D.D.C. 1987).

The finding of geographic dispersion generally supports a finding of numerosity because such a finding supports the proposition that joinder is impracticable. *Ansari*, 179 F.R.D. at 115 (noting that "dispersion weighs in favor of finding that joinder is impracticable. . ."); *see also Israel v. Avis Rent-A-Car Sys., Inc.*, 185 F.R.D. 372, 377 (S.D. Fla. 1999) (Wide geographic dispersion of the potential class members supports a finding that joinder would be impracticable."), *rev'd on other grounds sub nom. Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228 (11th Cir. 2000), *cert. denied sub nom. Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car Sys., Inc.*, 532 U.S. 919 (2001). Here, plaintiff Gries does not assert that there is geographic dispersion of the putative class members. Indeed, plaintiff Gries alleges that "substantially all" of the class members

reside in the Northern District of Iowa. Amended Compl. at ¶ 6. Thus, since most of the potential class members live in northern Iowa, no finding of geographic dispersion can be made and this factor does not weigh in favor of a finding that the numerosity requirement has been satisfied in this case. *See Universal Calvary Church v. City of New York*, 177 F.R.D. 181, 183 (S.D.N.Y. 1998) (concluding joinder would not be impracticable because putative class members lived in one of three counties).

### c.    *Identification of class members*

Defendants also contend that because the identity and addresses of all class members is known, joinder is practicable. Thus, defendants argue that this factor also weighs against a finding that the numerosity requirement has been met in this case. Plaintiff Gries concedes that, through discovery, he has been provided with a list of active and inactive Plan members and beneficiaries. Courts have considered the fact that the members of a prospective class are able to be identified when contemplating whether joinder is impracticable. *See Phillips v. Joint Legislative Committee on Performance and Expenditure Review of State of Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981) (noting that joinder impracticable in part because neither party could identify class members), *cert. denied*, 456 U.S. 960 (1982); *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 410 (S.D.N.Y. 1998) (noting that "[k]nowledge of names and existence of members . . . renders joinder practicable."); *Moore v. Trippe*, 743 F. Supp. 201, 211 (S.D.N.Y. 1990) ("[T]here appears to be little difficulty in joining all the members of the [class] in this one action . . . all the members . . . are clearly known . . ."); *Block v. First Blood Assocs.*, 691 F. Supp. 685, 695 (S.D.N.Y. 1988) (ruling that joinder was practicable where the plaintiffs knew the names and addresses of all 57 members of the proposed class); *see also Spectrum Fin. Cos. v. Marconsult, Inc.*, 608 F.2d 377, 382 (9th Cir. 1979) (holding that the district court did not abuse its discretion in ruling that joinder of 92 class members was

practicable where the plaintiffs were able to contact all members about joinder), *cert. denied*, 446 U.S. 936 (1980); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994) (noting that where identities of class members were "unknown" and could not be "readily identified," joinder is impracticable.); *Strykers Bay Neighborhood Council, Inc. v. City of New York*, 695 F. Supp. 1531, 1538 (S.D.N.Y. 1988) (denying certification as a class of thirty-two families living in a single neighborhood because joinder was not impracticable).

Thus, the fact that plaintiff Gries can contact each class member makes joinder practicable here. *See Askin*, 178 F.R.D. at 410; *Moore*, 743 F. Supp. at 211; *Block*, 691 F. Supp. at 695. Therefore, this factor weighs decidedly against finding that the numerosity requirement has been satisfied in this case.

### d. *Financial resources of class members*

In determining whether the numerosity requirement has been satisfied, a court may also consider the financial resources of the potential class members with regard to their ability to institute individual lawsuits. *Robidoux*, 987 F.2d at 936 (holding that in determining whether joinder is impracticable, the court may consider "financial resources of class members" and "the ability of claimants to institute individual suits"); *Rosiles-Perez v. Superior Forestry Serv., Inc.*, --F.R.D.--, 2008 WL 835719, at *6 (MD. Tenn. Mar. 28, 2008) (noting that among the factors which a court may consider is the "financial resources" of class members) (citing *Saur v. Snappy Apple*, 203 F.R.D. 281, 286-87 (W.D. Mich. 2001)); *Cervantes*, 210 F.R.D. at 620 (noting that factors which a court may consider include "the financial resources of class members."); *Pyke v. Cuomo*, 209 F.R.D. 33, 41 (N.D.N.Y. 2002) ("The fact that many of these potential class members purportedly are of limited financial means also contributes to a finding of impracticability."); *Nicodemus v. Union Pac. Corp.*, 204 F.R.D. 479, 489 (D. Wyo. 2001) (noting that "the

financial resources of the class members" and "the ability of claimants to institute individual suits" were among other factors for district court to consider in determining numerosity); *Mick v. Level Propane Gases, Inc.*, 203 F.R.D. 324, 331 (S.D. Ohio 2001) (noting that "the financial resources of the class members" was among factors which the court may consider in determining whether numerosity requirement had been met); *Karen L. v. Physicians Health Servs., Inc.*, 202 F.R.D. 94, 100 (D. Conn. 2001) (concluding that "the limited financial and educational status" of the proposed class members attested to the impracticality of joinder); *Gulino*, 201 F.R.D. at 331 (considering the financial resources of class of teachers in determining whether numerosity requirement had been met); *Askin*, 178 F.R.D. at 411 (concluding that the financial resources of potential class members weighed against granting class certification); *Foley*, 156 F.R.D. at 542 (noting that "[i]t is likely that the majority of the class members are from extremely low income households, thereby greatly decreasing their ability to bring individual suits.").

Plaintiff Gries contends that the financial resources of the potential class members here supports a determination that the numerosity requirement has been met. Plaintiff Gries, however, has provided the court with no materials upon which to base that conclusion. The financial resources of the individuals in this group is not disclosed in the record before the court and the court is unwilling to make the assumption that this class of individuals lacks the financial resources to institute individual lawsuits. Therefore, the court cannot conclude that this factor supports a finding that the numerosity requirement has been satisfied in this case.

  *e.* *Judicial efficiency*

Plaintiff Gries also asserts the court should consider the judicial efficiency in certifying a class here versus trying individual lawsuits. A relevant consideration in the determination of numerosity is the judicial economy arising from avoidance of multiplicity

17

of actions. *See Paxton*, 688 F.2d at 559 (noting that "the inconvenience of trying individual suits" was among factors relevant to inquiry into the numerosity requirement); *see also Robidoux*, 987 F.2d at 936 (holding that "[r]elevant considerations include judicial economy arising from the avoidance of a multiplicity of actions. . ."); *Kempner v. Town of Greenwich*, 249 F.R.D. 15, 18 (D. Conn. 2008) (same); *Cashman v. Dolce Int'l/Hartford, Inc.*, 91 (D. Conn. 2004) (same); *Cervantes*, 210 F.R.D. at 620 (same); *Hernandez v. Medows*, 209 F.3d 665, 669 (S.D. Fla. 2002) (same); *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 120 (S.D.N.Y. 2001) (same); *Nicodemus*, 204 F.R.D. at 489 (same); *Mick*, 203 F.R.D. at 331 (same); *Reeb*, 203 F.R.D. at 321 (same); *O'Brien*, 203 F.R.D. at 350 (same); *Reese v. Arrow Fin. Servs., L.L.C.*, 202 F.R.D. 83, 90 (D. Conn. 2001); *Weil v. Long Island Sav. Bank*, 200 F.R.D. 164, 168 (E.D.N.Y. 2001) (same); *Jones v. Roy*, 202 F.R.D. 658, 665 (M.D. Ala. 2001) (same); *Foley*, 156 F.R.D. at 542 (same). If class members were to file multiple claims in multiple fora, precious judicial resources would be wasted on essentially duplicative lawsuits, thereby resulting in judicial inefficiency. However, because the identities of all potential class members are known here and "substantially all" of the class members are located in this district, this inefficiency can be largely avoided by joinder and intervention by those class members interested in joining this suit. *See Christina Mortgage v. Delaware Mortgage Bankers Ass'n*, 136 F.R.D. 372, 378 (D. Del. 1991) (noting "that joinder and intervention may be far simpler procedures because it is likely that not all the proposed class members will seek to join the suit."). Therefore, the court concludes that this factor again only nominally weighs in favor of certifying the class.

Upon considering the totality of the circumstances, the court finds that the proposed class fails to meet the numerosity requirement of Rule 23(a)(1). The proposed class members are geographically concentrated and can be individually identified. These facts

weigh heavily against class certification since both increase the likelihood that joinder will be practicable. Moreover, plaintiff Gries has not established that the numerical size of the prospective class is sufficiently large to meet the numerosity requirement. Even if he had done so, the significance of the factor is greatly diminished by the fact that the identity of each member of the class is known. Thus, joinder of these individuals is not impracticable. Moreover, judicial economy is only nominally served here by permitting these putative class members to proceed together in one action. Under these circumstances, the court concludes that joinder is not impracticable and that plaintiff Gries has failed to meet the numerosity requirement of Rule 23(a)(1). Therefore, the court need not consider the parties' contentions regarding the other requirements of Rule 23.[5]

---

[5] Although the court need not consider the requirement of Rule 23(a)(4), that the representative parties will fairly and adequately protect the interests of the class, the court notes that a delay in filing for class certification may constitute grounds for denying such a motion under Rule 23(a)(4). In this case, plaintiff Gries filed his motion for class certification 364 days after he filed this lawsuit, in apparent violation of Local Rule 23.1(a), which provides that: "In any action brought as a class representative action, the party seeking to maintain the action as a class or representative action must, within 180 days after commencement of the action, file a separate motion for certification." Plaintiff Gries does not explain the reason for the delay in his moving papers and the parties have not addressed the import of this delay in assessing whether plaintiff Gries is able to adequately protect the interests of class members. The court notes, however, that a delay in filing for class certification bears on the adequacy of representation. *See East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405 (1977). To analyze the effect of such a delay on the adequacy of representation, the court must balance the prejudice resulting from this delay against counsels' ability, experience and qualifications to conduct this litigation. *See Welch v. Board of Directors of Wildwood Golf Club*, 146 F.R.D. 131, 137 (W.D. Pa. 1993); *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 101 (S.D.N.Y. 1981); *In re Folding Carton Litig.*, 88 F.R.D. 211, 213 (N.D. Ill. 1980); *Sanders v. Faraday Labs., Inc.*, 82 F.R.D. 99, 102 (E.D.N.Y. 1979). The court, however, need not resolve the effect of plaintiff Gries's delay in seeking class certification
(continued…)

### *III. CONCLUSION*

The court concludes, upon considering the totality of the circumstances, that plaintiff Gries has failed to demonstrate that the proposed class meets the numerosity requirement of Rule 23(a)(1). Plaintiff Gries's Motion To Certify Class is therefore **denied**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of August, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[5](…continued)
because the court has already concluded that he has not satisfied the numerosity requirement.