**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| VERNON GRIES and STEVE SPETH, individually and as representatives of all persons similarly situated, | |
| Plaintiffs, | No. C07-4013-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING JOINT MOTION FOR CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, FOR PRELIMINARY APPROVAL OF SETTLEMENT, TO PRESCRIBE NOTICE TO CLASS MEMBERS, AND TO SET DATE FOR FINAL HEARING FOR APPROVAL OF SETTLEMENT** |
| STANDARD READY MIX CONCRETE, L.L.C.; STANDARD READY MIX CONCRETE CO.; STANDARD READY MIX CONCRETE, L.L.C. DEFINED PENSION PLAN AND TRUST f/k/a STANDARD READY MIX CONCRETE CO. DEFINED BENEFIT PENSION PLAN AND TRUST; and, SIOUX CITY READY MIX CONCRETE COMPANY, L.L.C. | |
| Defendants. | |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.  Class Action Requirements Of Rule 23(a)* . . . . . . . . . . . . . . . . . . . . 5
        *1.    Numerosity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

   2.  *Commonality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
   3.  *Typicality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
   4.  *Adequacy of representation* . . . . . . . . . . . . . . . . . . . . 18
  B. *Class Action Requirements Of Rule 23(b)(3)* . . . . . . . . . . . . . . . . . 18
   1.  *Predominance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
   2.  *Superiority* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
  C. *The Proposed Settlement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
  D. *Notice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
  E. *Fairness Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## I. INTRODUCTION AND BACKGROUND

On February 13, 2007, plaintiff Vernon Gries, individually and as representative of all persons similarly situated, filed a complaint in this court against defendants Standard Ready Mix Concrete, L.L.C., Standard Ready Mix Concrete Co., and Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust. Plaintiff Gries brought his action pursuant to 29 U.S.C. § 1132(a), individually, and for all persons similarly situated, as participants and beneficiaries of Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust

("the Plan"), a defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

On December 20, 2007, plaintiff Gries filed an amended complaint in this case to join Sioux City Ready Mix Concrete Company, L.L.C. as a party defendant. In Count I of the amended complaint, Gries seeks a declaratory judgment that an amendment to the Plan, a defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") made in 2002 is *void ab initio* because it purportedly violates various provisions of ERISA. In Count II, Gries seeks a declaratory judgment concerning accrued benefits owed to each member of the purported class under the Plan. In Count III, Gries seeks a declaratory judgment as to the amount of benefits currently due members of the purported class as a result of a modification made to the Plan on October 2, 2005, and a judgment for the amount of funds currently due class members. On April 22, 2008, plaintiff Gries filed a second amended complaint in this case in order to add Steve Speth as an additional representative plaintiff in this matter. In all other respects, the second amended complaint is identical to the amended complaint.

The parties have filed a Joint Motion For Certification Of Class For Settlement Purposes; For Preliminary Approval Of Settlement; To Prescribe Notice To Class Members; and To Set Date For Final Hearing To Approval Of Settlement (Dkt. No. 63). The parties seek to have the court certify a class under Federal Rule of Civil Procedure 23(b)(3), described as follows:

> a. All Plan participants, whether terminated from employment, retired or not, who have accrued benefits in the employer's Deferred Benefit Pension Plan as of June 1, 2002, and said participant's spouses and/or beneficiaries, if any, and any former spouse who has

filed a qualified Domestic Relations Order with said Plan;

b.  All current or former employees whether terminated from employment or not, who would be eligible to accrue benefits after June 1, 2002, if the Plan amendment providing a zero percent benefit was determined to be void, and their spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;

c.  The term "employee" shall include all employees of Standard Ready Mix Concrete, L.L.C.; Standard Ready Mix Concrete Company; Sioux City Ready Mix Concrete Company, L.L.C.; Ludey's Ready Mix; and any other member of a controlled group or affiliate service group as defined by 26 U.S.C. Section 4(a),(b), or (m);

d.  The term "employee" includes any current or former employee, whether retired, terminated or otherwise no longer employed by the employer.

Joint Mot. to Certify Class at ¶ 4.

The parties agree, for the purposes of settlement only, that the prerequisites for a class action required by Federal Rule of Civil Procedure 23(a) are met in this case. Specifically, the parties agree that the proposed class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the class, that the claims of the representative parties are typical of the potential claims of the purported class, and that the representative parties, Vernon Gries and Steve Speth, will fairly and adequately protect the interests of the purported class. The parties further agree that

plaintiffs' counsel, Paul D. Lundberg, should be appointed as class counsel for the sole purpose of implementing the proposed settlement.

In addition to requesting that the court certify a class under Federal Rule of Civil Procedure 23, the parties request that the court enter an order granting preliminary approval he proposed settlement pending notice to the class members, along with setting an appropriate period for class members to have the opportunity to opt-out of and object to the proposed settlement, and a hearing date for final approval of the proposed settlement. Consequently, the court turns first to consideration of the parties' request for the court to certify a class in this matter pursuant to Federal Rule of Civil Procedure 23.

## II. LEGAL ANALYSIS

### A. Class Action Requirements Of Rule 23(a)

Rule 23(a) of the Federal Rules of Civil Procedure identifies the prerequisites for a class action as follows:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a)[1]; *see generally Owner-Operator Independent Drivers Ass'n, Inc. v. New Prime, Inc.*, 339 F.3d 1001, 1011 (8th Cir. 2003); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *see also Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 37 (1st Cir. 2003); *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737 (5th Cir. 2003); *In re Veneman*, 309 F.3d 789, 792 (D.C. Cir. 2002); *Uhl v. Thoroughbred Tech. & Telcomm., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002); *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002); *Franze v. Equitable Assurance*, 296 F.3d 1250, 1252 (11th Cir. 2002); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001), *cert. denied*, 536 U.S. 917 (2002); *Johnston v. HBO Film Mgt., Inc.*, 265 F.3d 178, 183 (3rd Cir. 2001); *In re Prudential Ins. Co. of Am. Sales Litig.*, 148 F.3d 283, 308-09 (3rd Cir. 1998). These four prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *General Telephone Co. v. E.E.O.C.*, 446 U.S. 318, 330 (1980); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *see also Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1345 (11th Cir. 2001) (quoting *General Telephone Co.*, 446 U.S. at 330). A plaintiff moving for class certification has the burden of showing that the class should be certified and that the requirements of Rule 23 are met. *See Windsor*, 521 U.S. at 614; *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (citing *Smith v. Merchants & Farmers Bank of West Helena*, 574 F.2d 982, 983 (8th Cir. 1978)); *Howe v. Varity Corp.*, 896 F.2d 1107, 1111 (8th Cir. 1990); *Smith v. Merchants & Farmers Bank of West Helena, Ark.*, 574 F.2d 982, 983 (8th Cir. 1978); *Parkhill v. Minnesota Mut. Life Ins. Co.,* 188 F.R.D. 332, 336 (D. Minn. 1999), *aff'd*, 286 F.3d 1051 (8th Cir. 2001); *Jenson v. Eveleth*

---

[1] Rule 23 was amended in 2007, but only to reflect a general restyling of the rules.

*Taconite Co.*, 139 F.R.D. 657, 659 (D. Minn. 1991); *accord General Motors Acceptance Corp.*, 296 F.3d at 446; *Bishop v. New York City Dep't of Hous. Preservation and Dev.*, 141 F.R.D. 229, 234 (S.D.N.Y. 1992). In addition to satisfying the threshold requirements of Rule 23(a), a class action may be maintained only if it qualifies under at least one of the categories provided in Federal Rule of Civil Procedure 23(b). *See Windsor*, 521 U.S. at 613-16; *Smilow*, 323 F.3d at 37; *General Motors Acceptance Corp.*, 296 F.3d at 446; *Franze*, 296 F.3d at 1252; *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d at 133; see also *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228 (11th Cir. 2000), *cert. denied sub nom. Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car Sys., Inc.*, 532 U.S. 919 (2001). The district court's determination of whether or not to certify a class will be set aside only if there was an abuse of discretion. *Coleman*, 40 F.3d at 259; *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323 (8th Cir. 1991) ("'A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion,'" quoting *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983), *cert. denied*, 466 U.S. 972 (1984)), *rev'd on other grounds*, 507 U.S. 170 (1993); *accord O'Sullivan*, 319 F.3d at 737 (noting that review of the certification of a class is for abuse of discretion); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 165 (3rd Cir. 2001) (noting that court reviews a decision granting or denying class certification for abuse of discretion).

The court must engage in a "rigorous analysis" to determine whether all the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Newton*, 259 F.3d at 165; *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th

Cir. 1996); *Gilchrist v. Bolger,* 733 F.2d 1551, 1555 (11th Cir. 1984).[2] This requirement remains true even in the context of a proposed settlement class. *Amchem Prods., Inc.,* 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . But other specifications of [Rule 23]-those designed to protect absentees by blocking unwarranted or overbroad class definitions-demand undiluted, even heightened, attention in the settlement context."). Thus, although the terms of a settlement may play a factor in the court's Rule 23(a) calculus, the court "lack[s] authority to substitute for Rule 23's certification criteria a standard never adopted-that if a settlement is "fair," then certification is proper." *Id.* at 622.

In order to determine whether the requirements of Rule 23(a) have been satisfied, the court must examine the factual basis for the plaintiff's claims and may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery. *See Newton,* 259 F.3d at 165 (noting that when conducting an examination of the factual and legal allegations for the purposes of class certification, "'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'") (quoting *Falcon,* 457 U.S. at 160); *Szabo v. Bridgeport Machs. Inc.,* 249 F.3d 672, 676 (7th Cir.) (holding that a court was not required to accept allegations in complaint as true when determining whether to grant class certification, but instead must make whatever factual and legal inquiries that are necessary to ensure that prerequisites and requirements for class certification are satisfied), *cert. denied,* 534 U.S. 951 (2001); *see also In re Initial Public Offering Securities Litig.,* 471 F.3d 24, 41 (2d

---

[2] A class may be decertified if later events disclose that the reasons for granting class certification no longer exist or never existed. *See* FED. R. CIV. P. 23(c)(1).

Cir. 2006) (noting that "(1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met. . ."); *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 5-6 (1st Cir. 2005) (indicating its preference for the view that permits inquiry into the merits if necessary to make an informed class-certification decision); *Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (observing that "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues"); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 56-57 (S.D. N.Y. 2002) (noting that while a court should "refrain from deciding any material factual disputes between the parties concerning the merits of the claims," the court must conduct a "rigorous analysis" to determine whether the relevant requirements of Rule 23 have been met and that in conducting this analysis "the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery."); *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D. Ohio 2001) (noting that "[r]esolution of the class certification issue may, however, require the court 'to probe behind the pleadings before coming to rest on the certification question.'") (quoting *Falcon*, 457 U.S. at 160); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 570-72 (2d Cir. 1982) (holding that "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976) (noting that "a preliminary hearing,

addressed not to the merits of plaintiff's individual claim, but to whether he is asserting a claim, which, assuming its merit, will satisfy the requirements of Rule 23, has never been regarded as violative of the rule stated in *Eisen [ v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)]") (footnote omitted); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide."); *Daniels v. City of New York*, 198 F.R.D. 409, 413 n.5 (S.D.N.Y. 2001) (noting that the court need not rely on the bare allegations contained in the complaint but "may consider the range of proof necessary to support class certification"); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 595 n.11 (E.D. Mich. 1996) ( noting that the court "will focus primarily on the allegations set forth in [the plaintiff's] pleadings, but will also, when necessary, consult the present evidentiary record to better ascertain the precise nature of [the plaintiff's] allegations and claims."). In *Szabo*, the Seventh Circuit Court of Appeals castigated the district court for accepting the allegations of the complaint as true when deciding whether to certify a class.[3] *Szabo*, 249 F.3d at 675. As the court of appeals explained:

---

[3] The court notes that in contrast to the *Newton-Szabo* line of authorities, some courts have held that when deciding a motion for class certification, a court is required to accept the allegations in the complaint as true. *See Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000) (noting that in considering a motion for class certification, "the court must accept the allegations in the complaint as true and should not conduct a preliminary inquiry into the merits of the action."); *In re Cincinnati Radiation Litig.*, 187 F.R.D. 549, 551-52 (S.D. Ohio 1999) ("For purposes of a class certification motion, the Court must accept as true the allegations of the complaint."); *Belcher v. Long Island Light Co.*, 164 F.R.D. 144, 149 (E.D.N.Y. 1996) (holding that "on a motion for class certification, in which it is the plaintiffs' burden to demonstrate compliance with Rule 23's requirements, the Court should accept as true the plaintiffs' allegations concerning the

(continued...)

The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it. The reason why judges accept a complaint's factual allegations when ruling on motions to dismiss under Rule 12(b)(6) is that a motion to dismiss tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later--by a motion for summary judgment under Rule 56, and if necessary by trial. By contrast, an order certifying a class usually is the district judge's last word on the subject; there is no later test of the decision's factual premises (and, if the case is settled, there could not be such an examination even if the district judge viewed the certification as provisional). Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23. This would be plain enough if, for example, the plaintiff alleged that the class had 10,000 members, making it too numerous to allow joinder, see Rule 23(a)(1), while the defendant insisted that the class contained only 10 members. A judge would not and could not accept the plaintiff's assertion as conclusive; instead the judge would receive evidence (if only by affidavit) and resolve the disputes before deciding whether to certify the class.

---

[3](…continued)

merits of the case."), *amended by,* 172 F.R.D. 28 (E.D.N.Y. 1997); *Westman v. Textron, Inc.*, 151 F.R.D. 229, 230 (D. Conn. 1993) ("A preliminary investigation into the merits of the suit is not necessary when determining whether it may be conducted as a class action. Therefore, when deciding a motion for class certification, a court may accept the allegations in the complaint as true.")(citation omitted); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F. Supp. 985, 989 (N.D. Ill. 1991) ("In evaluating the motion for class certification, the allegations made in support of certification are taken as true, and we do not examine the merits of the case."); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87 n.1 (E.D.N.Y. 1989) ("If the Court is only considering a motion to certify a class, the Court should accept plaintiff's allegations concerning the merits of their claim and determine whether the Rule 23 requirements are met.").

*Id.* at 675-76. The court finds this logic to be compelling and concludes that, since the Eighth Circuit Court of Appeals has not weighed in on this issue, the approach taken in the *Newton-Szabo* line of authorities will be followed in this case.

Thus, the issue before the court on the parties' joint motion is whether the plaintiffs have met their burden of establishing, on the basis of the pleadings, affidavits, and the results of discovery, that the four prerequisites of Rule 23(a) have been met. Because satisfaction of each of the Rule 23 criteria is a necessary prerequisite to class certification, the court will address each criterion in turn.

### 1.    *Numerosity*

The first requirement of Rule 23(a) is that plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). To meet this requirement, the court must conclude that a class is sufficiently large so as to render joinder of all its members impracticable in light of the particular circumstances of the case. *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.*, 446 F.2d 763, 765 (8th Cir. 1971); *accord Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *Arkansas Educ. Ass'n*, 446 F.2d at 765; *accord Familienstiftung v. Askin*, 178 F.R.D. 405, 409 (S.D.N.Y. 1998) (noting that "[i]mpracticability does not mean impossibility, but rather difficulty or inconvenience."); *In re NASDAQ Market-Markers Anti-trust Litig.*, 169 F.R.D 493, 508 (S.D.N.Y. 1996) (observing that "[i]mpracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder.").

The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 330 (1980); *accord Askin*, 178 F.R.D. at 410 ("'In dealing with the issue of numerosity, we deal with it not in absolute numbers, but in the relationship of the numbers of the putative class members involved to their economic interests and all of the other circumstances peculiar to [each] case.'") (quoting *Elliott Assoc. v. J. Henry Schroder Bank & Trust*, 655 F. Supp. 1281, 1285 (S.D.N.Y. 1987)). No rigid rule of thumb has been developed in the Eighth Circuit Court of Appeals as to how many potential class members is sufficient to satisfy the numerosity requirement. *Emanuel v. Marsh*, 828 F.2d 438, 444 (8th Cir. 1987) ("This court has not established any rigid rules regarding the necessary size of classes."), *vacated on other grounds*, 487 U.S. 1229 (1988); *Belles v. Schweiker*, 720 F.2d 506, 515 (8th Cir. 1983) ("[N]o arbitrary rules regarding the necessary size of classes have been established."); *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 54 (8th Cir. 1977) ("No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of each case."); *Glenn v. Daddy Rocks, Inc.*, 203 F.R.D. 425, 428-29 (D. Minn. 2001) ("No arbitrary or rigid rules regarding the required size of a class have been established by the courts, and what constitutes impracticability depends upon the facts of each case."); *In re Select Comfort Corp. Secs. Litig.*, 202 F.R.D. 598, 603 (D. Minn. 2001) ("Courts have typically established no arbitrary or rigid rules regarding the required size of a class, and what constitutes impracticality depends upon the facts of each case."); *Hancock v. Thalacker*, 933 F. Supp. 1449, 1466 (N.D. Iowa 1996) ("The 'numerosity' requirement has produced no rule of thumb in this circuit as to how many potential class members is enough."); *Caroline C. v. Johnson*, 174 F.R.D. 452, 462-63 (D. Neb. 1996) (noting that "[n]o absolute or arbitrary number satisfies the numerosity requirement"). *But see Richter*

*v. Bowen*, 669 F. Supp. 275, 281 n.4 (N.D. Iowa 1987) (recognizing that some courts apply a rule of thumb that a class of over 40 persons is sufficiently numerous, citing 3B J. MOORE, MOORE'S FED. PROCEDURE 23.05[1]).[4]

> The Eighth Circuit Court of Appeals has further instructed that:
>
> > In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.

*Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559-60 (8th Cir. 1982), *cert. denied*, 460 U.S. 1083 (1983); *Emanuel*, 828 F.2d at 444 (citing *Paxton*, 688 F.2d at 559-60); *Glenn*, 203 F.R.D. at 429 (same); *In re Select Comfort Corp. Secs. Litig.*, 202 F.R.D. at 603 (same).

In order to satisfy this prerequisite, plaintiffs must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members. *See James v. City of Dallas,* 254 F.3d 551, 570 (5th Cir. 2001) ("To satisfy the numerosity prong, 'a

---

[4] Other courts have held that the numerosity requirement has been presumptively satisfied when the class comprises 40 or more members. *Consolidated Rail. Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that 40 or more prospective class members raises a presumption of numerosity); *Gulino v. Board of Educ. of the City Sch. Dist. of New York*, 201 F.R.D. 326, 331(S.D.N.Y. 2001) (noting that "a class of only 40 members is presumptively sufficient to meet this prong of Rule 23(a)."); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."); *Davis v. Northside Realty Associates, Inc.*, 95 F.R.D. 39, 43 (N.D. Ga. 1982) (noting that if class has more than 40 people in it then numerosity is satisfied; less than 25 people in it, numerosity is lacking); *Fifth Moorings Condominium, Inc. v. Shere*, 81 F.R.D. 712, 715 (S.D. Fla. 1979) (observing that if class exceeds 40 people there is sufficient numerosity).

plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.'") (internal quotation marks omitted) (quoting *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (quoting in turn *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)); *Kuehn v. Cadle Co. Inc.*, 245 F.R.D. 545, 548 (M.D. Fla. 2007) ("In order to establish numerosity, the plaintiff must ordinarily demonstrate 'some evidence or reasonable estimate of the number of purported class members .'") (quoting *Silva-Arriaga v. Texas Exp., Inc.*, 222 F.R.D. 684, 688 (M.D. Fla. 2004)). Here, the parties agree that the Settlement Class in this case includes 91 members, including active members of the Plan, inactive members of the Plan and current retired or beneficiary members of the Plan.

The court notes that courts have certified even smaller classes than the 91 person class at issue here when the circumstances have deemed it appropriate. *See Arkansas Educ. Ass'n*, 446 F.2d at 765-766 (approving class of twenty members); *accord Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d at 275-276 (10th Cir. 1977) (holding that class of 41-46 members was sufficiently numerous); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1030 (6th Cir. 1977) (approving seven member class); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (holding that class with thirty-five members sufficient); *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) (approving 51 member class); *Bublitz*, 202 F.R.D. at 256 (holding that class of seventeen was sufficient to meet numerosity requirement); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (holding that proposed class of eighteen satisfied the numerosity requirement); *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (noting that "[t]his Court may certify a class even if it is composed of as few as 14 members."); *see also Paxton*, 688 F.2d at 561 (the Eighth Circuit Court of Appeals cited with approval the decision in *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*,

375 F.2d 648, 653 (4th Cir. 1967), certifying class of eighteen members); *Bruce v. Christian*, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (numerosity found even though plaintiffs could identify only 16 class members in action brought by present and future tenants of housing authority where numerous individuals would be affected in the future); *Dale Elecs., Inc. v. R.C.L. Elecs., Inc.*, 53 F.R.D. 531 (D.N.H. 1971) (certifying class with thirteen members). *But see Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995) (declining to certify 200 member class). Thus, the court concludes that the size of the proposed class in this litigation is sufficiently large to make joinder impracticable in this case.

### 2. *Commonality*

The second requirement of Rule 23(a) is that plaintiffs must show that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). It is important to note that commonality "is not required on every question raised in the class action. *DeBoer v. Mellon Mortgage Co.,* 64 F .3d 1171, 1174 (8th Cir. 1995); *see Realmonte v. Reeves,* 169 F.3d 1280, 1285 (10th Cir. 1999). Rather, "Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *DeBoer,* 64 F .3d at 1174 (internal quotations omitted) (quoting *Paxton*, 688 F.2d at 561); *see Realmonte v. Reeves,* 169 F.3d at 1285 (internal quotations omitted) (quoting *DeBoer,* 64 F .3d at 1174). In fact, commonality is "satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994). It should come as no surprise then that the commonality requirement is oftentimes easily satisfied. *Id.* A review of the record in this case reveals several questions of law or fact common to the class. Specifically, all class members either have been or will be effected by the amendment made to the Plan in 2002. Also, common questions of law exist on the question of whether

those amendments were violative of ERISA's provisions. Thus, given the presence of these common questions of law and fact, the court concludes that Rule 23(a)(2)'s commonality requirement is met here.

### 3. *Typicality*

The third requirement of Rule 23(a) is that plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer*, 64 F.3d at 1175; *see Paxton*, 688 F.2d at 562. Typicality does not require, however, that "all putative class members share identical claims." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n. 14 (11th Cir. 2000) (citations omitted). Indeed, "the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). The named plaintiffs' claims are typical if they stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory. *Id.; see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that "[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"). Thus, to meet the typicality requirement, the class representatives must demonstrate that the members of the class have the same or similar grievances as themselves. *See Falcon*, 457 U.S. at 161; *DeBoer*, 64 F.3d at 1175; *see Paxton*, 688 F.2d at 562. Plaintiffs have clearly met the typicality requirement here. As was the case with the commonality requirement, the claims of plaintiffs are identical or nearly identical to the claims of every class member. Every class member is asserting that they have been harmed by the amendment to the Plan

in 2002 which was made in violation of various provisions of ERISA. Therefore, the court concludes that Rule 23(a)(3)'s typicality requirement is met in this case.

### 4.    *Adequacy of representation*

The fourth and final requirement of Rule 23(a) is that plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). As the Eighth Circuit Court of Appeals has instructed:

> The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.

*Paxton,* 688 F.2d at 562-63. Here, it is undisputed that the representatives in this case share the same interest and have allegedly suffered the same injury as all of the other members of the proposed class. Moreover, the court concludes that plaintiffs' counsel is generally experienced and qualified to conduct this litigation. Furthermore, there is no apparent conflict between the interests of plaintiffs and the other class members since all class members have suffered approximately the same injury and are requesting the same relief. Accordingly, the court concludes that the named plaintiffs will fairly and adequately protect the interests of the class.

Having concluded that the requirements of Rule 23(a) have been satisfied, the court must turn its attention to Rule 23(b). The parties assert that this case is maintainable under Rule 23(b)(3). Accordingly, the court shall focus its analysis on that section.

## B.   *Class Action Requirements Of Rule 23(b)(3)*

Rule 23(b)(3) requires (1) finding common issues of law or fact predominate over individual issues and (2) finding class action is the superior method to fairly and efficiently adjudicate the controversy. These two requirements can be referred to as the

"predominance" and "superiority" requirements. The court will address each of these two elements in turn.

### 1. Predominance

In order to meet the predominance requirement of Rule 23(b)(3), plaintiffs have the burden of demonstrating that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members. . ." FED. R. CIV. P. 23(b)(3); see *Blades v. Monsanto*, 400 F.3d 562, 569 (8th Cir. 2005). The predominance requirement tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc.*, 521 U.S. at 623-24. The Supreme Court has instructed that a proper predominance inquiry "trains on the legal or factual questions that qualify each member's case as a genuine controversy, questions that preexist any settlement." *Id*. at 623. Satisfaction of Rule 23(a)(2)'s commonality requirement, however, does not satisfy the predominance inquiry of Rule 23(b), as the predominance requirement is "far more demanding" and tests "whether proposed class[ ][is] sufficiently cohesive to warrant adjudication by representation." *Id.*; *see Liles v. American Corrective Counseling Servs., Inc.*, 231 F.R.D. 565, 575 (S.D. Iowa 2005) (noting that "the fact that a proposed class meets the *commonality* requirement under Rule 23(a)(2) does not necessarily mean it also will satisfy Rule 23(b)(3)."). While individual issues can exist, they "must be of lesser overall significance than the common issues, and they must be manageable in a single class action." *Sanneman v. Chrysler Corp.,* 191 F.R.D. 441, 449 (E.D. Penn. 2000). Thus, to evaluate predominance "necessarily requires an examination of the underlying elements necessary to establish liability for plaintiffs' claims." *Blades*, 400 F.3d at 569 (citing *Newton*, 259 F.3d at 172).

In this case, plaintiffs have presented the court with very little guidance as to how they intend to prove the elements of their claims. Nonetheless, just as the record in this

19

case supports a finding of typicality, it also supports a finding of predominance. All plaintiffs' claims arise from the same alleged modification of the Plan. As such, common claims predominate since the effect of modification of the Plan was uniform among the class. Accordingly, the court concludes that common questions predominate in this case.

### 2. *Superiority*

The superiority requirement of Rule 23(b)(3), necessitates that the court determine whether a class action is superior to other methods of adjudicating the controversy at issue. *Smith v. MCI Telecomm. Corp.*, 124 F.R.D. 665, 679 (D. Kan. 1989). Rule 23(b)(3) specifies that the following four factors should be considered by the court in making its determination on the question of superiority:

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

The court has reviewed these factors against the backdrop of the allegations and record presented by the parties. The court concludes that given the amount of money involved on a per class member basis here, class members have little incentive to individually prosecute similar actions against defendants. Furthermore, the court is not aware of any similar class action litigation in other Iowa courts concerning the 2002 modification to the Plan. In addition, since many, if not most, of the class members are residents of this district and defendants are situated in the Northern District of Iowa, the

court is both situated and qualified to handle this matter. Finally, the court concludes that there will be no difficulty in the management of this action as a class action. Thus, the court finds a class action is the superior method to handle plaintiffs' claims against defendants.

Therefore, having determined the proposed class action meets the requirements of Rule 23, the court grants the parties' joint motion insofar as it requests certification of the proposed class under Federal Rule of Civil Procedure 23(b)(3). The class shall consist of the following, but shall exclude any such individual who elects to opt out of the class:

a. All Plan participants, whether terminated from employment, retired or not, who have accrued benefits in the employer's Deferred Benefit Pension Plan as of June 1, 2002, and said participant's spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;

b. All current or former employees whether terminated from employment or not, who would be eligible to accrue benefits after June 1, 2002, if the Plan amendment providing a zero percent benefit was determined to be void, and their spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;

c. The term "employee" shall include all employees of Standard Ready Mix Concrete, L.L.C.; Standard Ready Mix Concrete Company; Sioux City Ready Mix Concrete Company, L.L.C.; Ludey's Ready Mix; and any other member of a controlled group or affiliate service group as defined by 26 U.S.C. Section 4(a),(b), or (m);

      d.     The term "employee" includes any current or former employee, whether retired, terminated or otherwise no longer employed by the employer.

The court turns next to address whether the settlement proposed by the parties should preliminarily be approved.[5]

## C. *The Proposed Settlement*

Federal Rule of Civil Procedure 23(e) requires the court to determine whether a settlement is "fair, reasonable, and adequate." In doing so, "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *see Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975) ("Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members."). In order to make this determination, the court is required to consider the following four factors:

> (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 932 (citing *Grunin,* 513 F.2d at 124). The Eighth Circuit Court of Appeals has observed that "[t]he most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in

---

[5]The parties' proposed settlement is Docket No. 63-2.

settlement.'" *Id.* (quoting *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted).

Since the parties have not apprised the court of any opposition to the settlement and the reaction of specific class members cannot be evaluated until the hearing for final approval of the settlement, the court only addresses the first three factors. The court's ability to address the first three factors is circumscribed by the parties' failure to address them in their joint motion. The merits of plaintiffs' case turns on whether defendants' June 2002 amendment to the Plan violated ERISA. Plaintiffs' assert, *inter alia*, that the Plan's 2002 amendment violated the anti-cutback rule of ERISA § 204(g), 29 U.S.C. § 1054(g), by decreasing benefits accrued under prior versions of the Plan. Defendants contend that the June 2002 amendment to the Plan simply froze the future accrual of benefits, but did not eliminate benefits. Under the terms of the settlement agreement, the parties agree that the effect of the June 2002 amendment was to freeze the Plan with respect to any future accrual of benefits after June 1, 2002, but that the 2002 amendment did not reduce or take away any benefits of plan participants which had vested and accrued as of June 1, 2002. Settlement Agreement at ¶ 8. Weighing the merits of plaintiffs' claims against the settlement terms, the court finds that a comparison of the relief sought by plaintiffs and the relief proposed in the settlement agreement demonstrates that plaintiffs have been successful. Accordingly, the court concludes that this factor weighs toward finding that the settlement is fair, reasonable, and adequate. With respect to defendants' financial condition, the court is unaware of any evidence in the record of this case concerning the financial condition of defendants. Therefore, this factor cannot be assessed in determining whether the settlement is fair, reasonable, and adequate. With respect to the complexity and expense of further litigation, this has been a moderately complex case. Moreover, the parties would have to expend additional monies, perhaps a substantial amount, in

prosecuting and defending this case with a limited spectrum of alternative outcomes. As a result, the court concludes that the settlement is fair, adequate and reasonable in light of the complexity and expense of further litigation. Therefore, having assessed the required factors to the extent possible given the limited record, the court grants preliminary approval to the parties' settlement agreement. Final approval, of course, will be subject to the results of the Rule 23(e) fairness hearing.

### D. Notice

The notice which shall be given to the class members must comply with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).[6] Although the parties have

---

[6]Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

(continued…)

not provided the court with a proposed notice, the court has prepared a notice which contains all of the information required by Rule 23(c)(2)(B) and 23(e). The court directs that plaintiffs' counsel shall mail individual notices to all class members **by March 2, 2009**, by first class United States mail, postpaid. The notices will be sent to the last known address as indicated by the Plan's records.

### E.  Fairness Hearing

Federal Rule of Civil Procedure 23 further provides that the court may approve a settlement agreement "only after a hearing and on finding that it is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). Therefore, the court shall schedule a fairness hearing to be held on **Thursday, July 9, 2009, at 9:00 a.m.** in the third floor courtroom of the United States Courthouse in Sioux City, Iowa. The class members will, of course, be given an opportunity to object to the proposed settlement. *See* FED. R. CIV. P. 23(e)(5).

### III.  CONCLUSION

For the reasons set out above, the court orders that:

(1)    The parties' Joint Motion For Certification Of Class For Settlement Purposes; For Preliminary Approval Of Settlement; To Prescribe Notice To Class Members; and To Set Date For Final Hearing To Approval Of Settlement is **granted**;

(2)    The class certified by the court pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) shall consist of the following, but shall exclude any such individual who elects to opt out of the class:

---

[6](...continued)
FED. R. CIV. P. 23(c)(2)(B).

a. All Plan participants, whether terminated from employment, retired or not, who have accrued benefits in the employer's Deferred Benefit Pension Plan as of June 1, 2002, and said participant's spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;

b. All current or former employees whether terminated from employment or not, who would be eligible to accrue benefits after June 1, 2002, if the Plan amendment providing a zero percent benefit was determined to be void, and their spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;

c. The term "employee" shall include all employees of Standard Ready Mix Concrete, L.L.C.; Standard Ready Mix Concrete Company; Sioux City Ready Mix Concrete Company, L.L.C.; Ludey's Ready Mix; and any other member of a controlled group or affiliate service group as defined by 26 U.S.C. Section 4(a),(b), or (m);

d. The term "employee" includes any current or former employee, whether retired, terminated or otherwise no longer employed by the employer.

(3) The Settlement Agreement, Docket Number 63-2, is preliminarily approved;

(4) The notice to be provided to the class members is attached to this order as Court Exhibit No. 1;

(5) Plaintiffs' counsel shall mail individual notices to all class members **by March 2, 2009**, by first class United States mail, postpaid. The notices will be sent to the last known address as indicated by the Plan's records.

26

(6)     The court shall conduct a final Fairness Hearing in the proposed Settlement Agreement on **Thursday, July 9, 2009, at 9:00 a.m.** in the third floor courtroom of the United States Courthouse in Sioux City, Iowa.  Objections or other responses by class members to the proposed settlement agreement are to be mailed to the Clerk of Court and to counsel and postmarked no later than **Friday, May 29, 2009**, as specified in the notice to class members.

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA