IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| VERNON GRIES and STEVE SPETH, individually and as representatives of all persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>STANDARD READY MIX CONCRETE, L.L.C.; STANDARD READY MIX CONCRETE CO.; STANDARD READY MIX CONCRETE, L.L.C. DEFINED PENSION PLAN AND TRUST f/k/a STANDARD READY MIX CONCRETE CO. DEFINED BENEFIT PENSION PLAN AND TRUST; and, SIOUX CITY READY MIX CONCRETE COMPANY, L.L.C.<br><br>        Defendants. | No. C07-4013-MWB<br><br>**ORDER REGARDING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND FINAL JUDGMENT** |

_____

This case comes before the court for final approval of a proposed class action settlement filed by plaintiffs Vernon Gries and Steve Speth on behalf of themselves and as representatives of all persons similarly situated (collectively, "the Class") and defendants Standard Ready Mix Concrete, L.L.C., Standard Ready Mix Concrete Co., and Standard Ready Mix Concrete, L.L.C. Defined Pension Plan and Trust f/k/a Standard Ready Mix Concrete Co. Defined Benefit Pension Plan and Trust. On February 20, 2009, the court granted preliminary approval of the parties' proposed settlement agreement and set the form and manner for notice to the Class of the settlement agreement. The court also

scheduled a fairness hearing.  The court incorporates by reference its February 20, 2009, order.  On February 27, 2009, notice of the proposed settlement of the class action and fairness hearing, as well as an exclusion form, were mailed to all members of the Class. In addition, such notice was also provided to the United States Department of Labor, Department of Treasury and the Pension Benefit Guaranty Corporation.  The court's prior order required members of the Class to postmark their exclusion forms and/or objections to the proposed settlement agreement by May 29, 2009.  No objections to the proposed settlement agreement were filed.  Seven members of the Class executed exclusion forms. On July 9, 2009, the court conducted a fairness hearing regarding the parties' proposed settlement agreement to determine whether the settlement agreement should be granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair, adequate and reasonable;" and that all members of the Class were given an opportunity to object or comment on the settlement agreement.  No objectors to the proposed settlement agreement appeared at the hearing.  Plaintiffs and the Class were represented by Paul D. Lundberg of the Lundberg Law Firm, Sioux City, Iowa.  Defendants were represented by Kenneth M. Wentz, III of Jackson Lewis, L.L.P., Omaha, Nebraska.

Upon consideration of the entire record, it is therefore ordered that:

1. This judgment incorporates by reference the definitions contained in the proposed settlement agreement, and all terms used here shall have the same meanings as in the proposed settlement agreement.

2. The court has jurisdiction over the subject matter of the class action and over all parties to the class action, including all members of the Class.

3. The notice given to members of the Class was proper and adequate notice regarding the proposed settlement set out in the proposed settlement agreement, to all

2

Case 5:07-cv-04013-MWB     Document 67      Filed 07/09/09      Page 2 of 4

persons entitled to such notice, and this notice would fully satisfy the requirements of Rule 23 and the requirements of due process.

4. Pursuant to Rule 23, this court previously certified the Class for purposes of settlement. The Class is defined as:

> a. All Plan participants, whether terminated from employment, retired or not, who have accrued benefits in the employer's Deferred Benefit Pension Plan as of June 1, 2002, and said participant's spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan;
>
> b. All current or former employees whether terminated from employment or not, who would be eligible to accrue benefits after June 1, 2002, if the Plan amendment providing a zero percent benefit was determined to be void, and their spouses and/or beneficiaries, if any, and any former spouse who has filed a qualified Domestic Relations Order with said Plan.
>
> c. The term "employee" shall include all employees of Standard Ready Mix Concrete, L.L.C.; Standard Ready Mix Concrete Company; Sioux City Ready Mix Concrete Company, L.L.C.; Ludey's Ready Mix; and any other member of a controlled group or affiliate service group as defined by 26 U.S.C. Section 4(a),(b), or (m);
>
> d. The term "employee" includes any current or former employee, whether retired, terminated or otherwise no longer employed by the employer.

3

5. In accord with Rule 23(e), the court approves the settlement set out in the proposed settlement agreement and finds that the settlement is, in all respects, fair, reasonable, and adequate. In reaching this conclusion, the court has considered all of the same factors that it previously considered in its prior order granting preliminary approval to the proposed settlement agreement.

6. Except as to any individual claim by those persons who have timely requested exclusion from the Class, this case and all claims contained within it are dismissed with prejudice as to the members of the Class.

7. The Class does not include Ronald Rickett, Melvin Lunda, Irene E. Stevens, Sherman W. Wollesen, Anden R. Seibold, Galen E. Gehrts, and Mary Everhart.

8. The parties shall bear their own costs and attorney fees.

**IT IS SO ORDERED.**

**DATED** this 9th day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA